PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANIEL HALL, *et al.*, | ) |
| | ) CASE NO.  4:12CV0460 |
| Plaintiffs, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| KEITH A. CHAMBERLIN, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) [Resolving ECF Nos. 110 and 115] |

This action is before the Court upon Plaintiffs' Motion to Reactivate and Remand Case to Columbiana County Common Pleas Court (ECF No. 110) and Defendant Gerner & Kearns Co., L.P.A. dba Gerner REO's ("Gerner") Verified Motion for Order to Show Cause (ECF No. 115). The Court has been advised, having reviewed the record, the parties' briefs and the applicable law.

Based on a finding that Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") should be dismissed from the action, the Court will remand the remainder of the action to the Columbiana County, Ohio Common Pleas Court due to lack of subject matter jurisdiction.

**I.**

On January 20, 2012, Plaintiffs Daniel Hall, Sarah Hall, Philip Murphy, and Linda Murphy filed a nine-count Verified Complaint for Declaratory Judgment, Fraud, Breach of Contract, Misrepresentation, Concealment, Breach of Covenants of Title, Unjust Enrichment, Negligence, Reverse Condemnation, and Compensatory and Punitive Damages in the

(4:12CV0460)

Columbiana County, Ohio Common Pleas Court (Case No. 2012 CV 00040) against 32 defendants, including Defendants First American Title Insurance Company ("First American"), Gerner, and Freddie Mac.  The Complaint (ECF No. 1-1) prays for damages from Defendants related to an alleged title problem on Plaintiffs' real property that interferes with their ability to maintain and/or build homes on their respective lots. Only Plaintiffs Philip Murphy and Linda Murphy assert claims against Gerner, the title abstractor, for its alleged failure to discover the Ohio Edison (FirstEnergy Corp.) easement which encroaches on their property.

On February 27, 2012, the case was properly removed by Freddie Mac to the U.S. District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1442 and 12 U.S.C. § 1452(f). *See* ECF No. 1.  Freddie Mac's presence in this action conferred upon the Court subject matter jurisdiction to hear this case.

On June 20, 2012, U.S. Magistrate Judge Kathleen B. Burke conducted a seven-hour long mediation conference in the instant case.  At the mediation, the parties appeared to have entered into and agreed to a global resolution of all claims between Plaintiffs, Defendants, Third-Party Plaintiffs, and Third-Party Defendants.

## II.

Plaintiffs move the Court for an Order reactivating the within litigation to the Court's docket and then remanding this action to the Columbiana County, Ohio Court of Common Pleas. In its Response to Plaintiffs' Motion (ECF No. 118), First American cites *Smith v. ABN AMRO Mortg. Group Inc.*, 434 Fed.Appx. 454 (6th Cir. 2011), and requests that the Court reopen the case for the limited purpose of enforcing the settlement reached between Plaintiffs and First

2

(4:12CV0460)

American. First American's view prior to July 20, 2012 was that the case would be dismissed with prejudice as to them in a timely fashion as ordered and it was prepared to sign and pay the settlement funds accordingly. ECF No. 118 at 7.

Gerner moves the Court for an Order requiring Plaintiffs to show cause why they should not be held in contempt for violating the Minutes of Proceedings and Order – Civil (ECF No. 100), entered on June 21, 2012. Gerner argues that Plaintiffs violated ECF No. 100 by breaching the global settlement, including the settlement with Gerner, and seeking an Order remanding the action to Common Pleas Court. Gerner seeks enforcement of the settlement and opposes a remand. It states summarily that it retains the right to seek in this Court "settlement or dismissal of the Complaint for failure to state a claim if the settlement is not enforced." ECF No. 115 at 5.

Ohio Edison would not permit the recording of the Revised Plat without the signatures of all of the property owners and all the property owners would not sign the global release. *See* Affidavit of Harry A. Tipping, Esq. (ECF No. 120-1) at ¶¶ 7 and 10. According to First American, the settlement agreed to by First American and presented to the Court on June 20, 2012 does not contain any such condition, at least as to the financial payments. ECF No. 118 at 4. First American argues that by June 29th, the settlement that was announced to the Court on June 20th was being finalized without the side issue raised by Ohio Edison. ECF No. 118 at 6. Finally, First American declares it has been advised that the defendants who have paid money to be released from this case, *see* ECF No. 109, executed a confidential Settlement Agreement. First American posits "[t]he fact that those settlements are now cloaked in secrecy suggests that Plaintiffs are simply refusing to honor their agreement with First American." ECF No. 118 at 6.

3

(4:12CV0460)

The Court does not agree with the position of First American that the proposed settlement First American was involved in was not conditioned upon a global release from Ohio Edison. The Order entered by Magistrate Judge Burke states the agreement reached to resolve all claims was "subject to certain conditions to be finalized by the parties." A statement as to any outstanding conditions of settlement was also memorialized on the record on June 20th. The parties were "ordered to resolve all outstanding conditions of settlement on or before June 27, 2012, which includes but is not limited to all third party defendants communicating their decisions regarding whether they will execute releases and sign off on the Revised Plat reflecting the proposed revised easement." ECF No. 100. Moreover, Attorney Tipping's June 28, 2012 Report (ECF No. 120-4) and July 6, 2012 Supplemental Report Concerning Settlement (ECF No. 120-2) to Magistrate Judge Burke, as well as Plaintiffs' Motion for an Extension of Time to Conduct Further Settlement Negotiations (ECF No. 106) informed First American and Gerner again that the proposed settlement First American and Gerner were involved in was conditioned upon the filing of a Revised Plat which reduced the size of the Ohio Edison easement.

"When parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement." RE/MAX Int'l, Inc. v. Realty One, Inc., 271 F.3d 633, 646 (6th Cir. 2001). The settlement in the case at bar, however, was contingent on the agreement of several Third-Party Defendants and upon the filing of a Revised Plat showing that the Ohio Edison easement had been reduced to remove the encumbrances on many of the homes in the Belle Vista subdivision, as well as the signatures of all of the property owners on a Settlement Agreement and Mutual

(4:12CV0460)

Release.  As a Revised Plat was not, and will not, be filed without the approval of the Bucks, Plaintiffs' property is still encumbered with the encroaching easement.  Accordingly, it is not surprising that Plaintiffs have not settled with First American and Gerner at this time because their properties are still encumbered with the encroaching easement and they are allegedly entitled to receive the full value of their title insurance policy and guarantees with First American.

Plaintiffs cannot release any claims they may have against First American and Gerner without first obtaining clear title to their property.  According to Plaintiffs:

> Plaintiffs never considered settling with these entities without first removing the encumbrance on their property.  In fact, the amount of the proposed settlement with First American, $10,000, would be a trifling sum in light of the fact that the Plaintiffs' property is at risk due to the encroachment of the Ohio Edison easement.  Thus, as this contingency failed so to does Plaintiffs' settlement with First American.

ECF No. 120 at 10.  Finally, First American and Gerner do not reference any action they took in reliance on the alleged settlement.  First American and Gerner apparently did not execute the revised Settlement Agreement and Mutual Release circulated on June 29, 2012 or forward any settlement funds to Plaintiffs.  *See* ECF Nos. 120 at 12 and 123 at 4.

In order to establish a contempt, the charging party must prove the existence of a court order and show that the respondent's conduct violated its terms.  *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (stating that the plaintiff "had the burden of establishing by clear and convincing evidence that the [defendants] 'violated a definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order.' ") (quoting *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829

5

(4:12CV0460)

F.2d 585, 591 (6th Cir. 1987) (second alteration in original)). For the reasons set forth above, Gerner cannot carry this burden.

### III.

The Court has contemporaneously entered a Stipulated Order of Dismissal as to Certain Defendants, including Freddie Mac. The action was removed to this court solely because the Complaint (ECF No. 1-1) named a federal agency as a defendant.[1] Furthermore, the Complaint (ECF No. 1-1) does not plausibly raise a federal claim for purposes of federal question jurisdiction. It is also readily apparent that Plaintiffs as Ohio residents are not diverse from all Defendants in this action, which include several Ohio entities and/or individuals, so as to invoke diversity jurisdiction. As such, remand of the action to state court is necessary. *See Tamori-Holmes v. Plumas County*, No. 2:12-cv-1977-JAM-GGH PS, 2012 WL 3731262, at *2 (E.D.Cal. Aug. 27, 2012) (Report and Recommendation), adopted slip op. (E.D.Cal. filed Oct. 25, 2012).

### IV.

Accordingly, Plaintiffs' Motion to Reactivate and Remand Case to Columbiana County Common Pleas Court (ECF No. 110) is granted.

Defendant Gerner & Kearns Co., L.P.A. dba Gerner REO's Verified Motion for Order to Show Cause (ECF No. 115) is denied.

---

[1] 12 U.S.C. § 1452(f) provides that Freddie Mac "shall be deemed to be an agency included in sections 1345 and 1442 of such Title 28."

6

(4:12CV0460)

The within matter is reinstated to the Court's active docket. The case will then be remanded to the state court from which it was removed, 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."), along with the following pending motions:

> Defendant Myron C. Wehr's Motion to Dismiss Crossclaim of Third-Party Defendants Brian J. Buck and Myra L. Buck (ECF No. 127), filed on September 25, 2012;
>
> Defendant, FirstEnergy Corp.'s Motions to Dismiss and/or to Strike (ECF No. 128), filed on October 23, 2012; and,
>
> Defendants Keith A. Chamberlin and Chamberlin Surveying Company's Motion for Judgment on the Pleadings (ECF No. 130), filed on November 1, 2012.

IT IS SO ORDERED.

| | |
|---|---|
| November 5, 2012 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

(4:12CV0460)

Appendix A

The following summary of events occurring in federal court may be of assistance going forward.

First American is the title insurer of Plaintiffs Phil and Linda Murphy.  It is allegedly obligated to indemnify them for any defects in the title to their property up to the limits of their insurance.  First American also issued a title guarantee to Plaintiffs Dan and Sarah Hall.  According to First American, "[Plaintiffs] demanded payment of $10,000 from First American and agreed to release them from the case.  [Amelia A. Bower, counsel for First American] advised that the demand would be conveyed to First American and a response would be forthcoming but that the response would not be given that day" at the mediation conference. ECF No. 118 at 2.

Harry A. Tipping, one of the attorneys for Plaintiffs, stated the following on the record at the mediation conference:

> . . . Unity Township has agreed to pay the Halls $1250; Heritage Title has agreed to pay the Halls $1500.  Mr. and Mrs. Wehr have agreed to pay the Halls $500.  The Wehr defendants have agreed to pay the Halls $750 and the Columbiana County defendants have agreed to pay the sum of $1000, which totals a settlement of $27,986.
> In return for all of those payments and the payments which the Murphys will receive, the Halls and Murphys will execute global releases to all of those defendants for the sums which have been paid.
> In order to reiterate the sums which will be paid by -- be paid to the Murphys, they will receive the same, the same amount that the Halls will receive, which is in the neighborhood of approximately $13,486, from Mr. [Chamberlin].  They will receive the sum of $1000 from Freddie Mac, $1250 from Unity Township, *$3500 from Gerner & Kearns*, and *$10,000 from First American Title Insurance Company*, it being understood in my discussions with Mrs. Bower and counsel for Gerner & Kearns that she had to obtain final approval from First American, but I understand will recommend that sum.  I also discussed with her indemnifying Gerner & Kearns from any action against them because they were

(4:12CV0460)

>   the title agency that performed the search on the Murphy property, and I understand that that is currently in discussion, but realistically, most likely will occur. The sum of $750 from Bella Vista Estates and the sum of $1000 from Columbiana, which totals approximately $31,000, give or take a few thousand.
>   In addition, Your Honor, the Halls and Murphys will dismiss with prejudice from this action WPW, Inc. and Mr. Pirock, Home Savings and Loan, and New Waterford, Ohio. A final judgment entry will be prepared which will indicate that a settlement has occurred, it will be a settled and dismissed entry, with costs to be paid by the defendant.
>   And I believe, Your Honor, that is the sum total of the final settlement, and I believe that is a global settlement that takes care of everything.

Transcript of Proceedings (ECF No. 114) at 10-12 (emphasis added).

Counsel for First American responded:

>   Just for the record, Your Honor, Amelia Bower; I represent First American Title Insurance Company.
>   We agree with [plaintiffs'] counsel's statement that demand has been made, or a counterproposal has been made against us for $10,000. I have agreed to take that to my client.
>   I have also agreed to take my client's question of indemnification with our agent, Gerner & Kearns, and I would advise Mr. Tipping that I will report to him as soon as possible on that. We did not, however, agree to pay any court costs, for the record. Thank you.

ECF No. 114 at 18.

Counsel for Defendants Keith A. Chamberlin and Chamberlin Surveying Company confirmed the contingent nature of the global settlement:

>   THE COURT: All right. Is there any other issue[ ] that anybody wishes to raise?
>   MR. WINCHESTER: Yes, Your Honor. Brian Winchester on behalf of [Chamberlin].
>   First, I'm hopeful this is a final settlement, but it truly is contingent, we do need the global release agreements by all parties, all property owners to sign off on the revised plat, or the replat, and that will include Bella Vista as well, which is still a titled owner to a number of the affected parcels.

ECF No. 114 at 19.

(4:12CV0460)

On June 21, 2012, Magistrate Judge Burke entered an Order that provides in pertinent part:

> . . . Following lengthy settlement discussions facilitated by the Court, subject to certain conditions to be finalized by the parties, an agreement was reached to resolve all claims. The agreement was memorialized on the record along with a statement as to any outstanding conditions of settlement. The parties are ordered to resolve all outstanding conditions of settlement on or before June 27, 2012, which includes but is not limited to all third party defendants communicating their decisions regarding whether they will execute releases and sign off on the revised plat reflecting the proposed revised easement. . . .

Minutes of Proceedings and Order – Civil (ECF No. 100). Thereafter, on June 22, 2012, the undersigned entered an Order of Case Dismissal [non-document] that provides:

> The Court having been informed that the matter has settled, hereby dismisses the case without prejudice. An agreed order of dismissal shall be filed with the Court on or before 7/22/2012 which shall supercede this order of dismissal. This case hereby is terminated.

A June 26, 2012 proposed agreement provided for the signing of a Revised Plat by all of the owners affected by the Ohio Edison transmission line. *See* ECF No. 118-7. The Revised Plat would have reduced the location and size of Ohio Edison's utility easement and no longer encumbered the properties of Plaintiffs and the other Belle Vista homeowners. ECF No. 120 at 1.

Attorney Tipping's June 28, 2012 Report (ECF No. 120-4) to Magistrate Judge Burke, which was served upon counsel for First American and Gerner, discusses several contingencies to settlement, including the Plat filing contingency. Attorney Tipping reported that all property owners except for Third-Party Defendants Brian J. Buck and Myra L. Buck would sign the Revised Plat. The June 28, 2012 Report (ECF No. 120-4) also addressed the current

3

(4:12CV0460)

impediments to settlement and stated, "[Plaintiffs], *in the event the Plat is filed*, intend to settle with all of the parties in this case except for Keith Chamberlin, and then re-file their action in the Columbiana County Common Pleas Court to obtain a full and complete extinguishment of the claims which could or may have been brought by the Bucks and to pursue various legal and equitable claims against them individually." (Emphasis added.)

The following email messages were exchanged on June 29, 2012.  Attorney Bower advised the Court:  "First American has no objection if the Bucks don't sign the Plat.  We have two other conditions [t]o settlement which Mr. Tipping has not responded to, one is that the Hall[s] release First American from liability [a]nd that the surveyors additional language be incorporated."  ECF No. 118-2.  Attorney Bower then inquired:  "Mr. Tipping, can you confirm that the agreement will include a release by the Halls against First American?  I don't think I saw a version of the agreement with the language included."  ECF No. 118-3.  The response from Attorney Tipping was:  "Amelia, [t]he revised agreement I just forwarded provides that.  Thanks. . . ."  ECF No. 118-4.  Shortly thereafter, the following exchange occurred.  Attorney Bower wrote, ". . . Are you dismissing First Am with prejudice?"  Attorney Tipping responded, "Amelia, [y]es."  ECF No. 118-5.

On June 28, 2012, Gerner's counsel notified Attorney Tipping that all drafts of the Settlement Agreement were approved and requested a final draft.  ECF No. 115 at 11.  A revised Settlement Agreement and Mutual Release was circulated on June 29th by the office of Plaintiffs' counsel.  *See* ECF No. 118-6.

4

(4:12CV0460)

On the morning of June 29, 2012, a Law Clerk for Magistrate Judge Burke sent an email message to counsel in which she confirmed that it appeared that "all conditions to settlement have not been met" and "[u]nless the parties advise the Court by 3:00 p.m. today that the conditions to settlement have been met, Magistrate Judge Burke will report to Judge Pearson that mediation has failed." ECF No. 120-8.

On July 6, 2012, counsel for Ohio Edison reported that Ohio Edison would *not* record the Revised Plat without the Bucks' signatures.  *See* ECF No. 120-11.  Shortly thereafter, Attorney Tipping sent his July 6, 2012 Supplemental Report Concerning Settlement (ECF No. 120-2) to Magistrate Judge Burke, which was served upon counsel for First American and Gerner, *see* ECF No. 120-3.  It also discusses the fact that any settlement was contingent upon the filing of the Revised Plat.

Despite the best efforts of Magistrate Judge Burke and her staff, lead counsel of record, and the parties, a global resolution was *not* achieved and the proposed settlement First American and Gerner were involved in failed.  Thereafter, Plaintiffs entered into tentative settlement agreements individually with several defendants that were no longer necessary to the litigation. Plaintiffs and the following Defendants have settled and compromised there differences herein:

> Myron C. Wehr
> Linda Wehr
> Marian Wehr
> Bella Vista, Inc.
> Michael S. Wylie
> Pamela K. Wylie
> Jeffrey A. Rupert
> Margaret T. Rupert
> Dan H. Harroff
> Diana L. Harroff

5

(4:12CV0460)

>    Thomas J. Wirks
>    Jeannine C. Wirks
>    Heritage Union Title Co., Ltd[2]
>    Columbiana County Planning Commission
>    Columbiana County Engineer
>    Columbiana County Auditor
>    Columbiana County Recorder
>    Unity Township Trustees, and
>    Freddie Mac

*See* Proposed Stipulated Order of Dismissal as to Certain Defendants (ECF No. 109).

Upon receipt of ECF Nos. 109 and 110, Gerner's counsel contacted Attorney Tipping on July 20, 2012 to ask why Plaintiffs had not included all defendants, including Gerner, in the Proposed Stipulated Order of Dismissal. ECF No. 115 at 32. According to Gerner:

> In a phone conversation, Plaintiffs' counsel claimed that no settlement was reached at Mediation with Defendant First American Title Insurance Company and that settlement with Gerner was conditioned upon settlement with First American. Gerner's counsel advised that Plaintiffs were required to comply with the Mediation Settlement Order after which Plaintiffs counsel abruptly ended the call.

ECF No. 115 at 4. According to Attorney Tipping, he "did not 'abruptly' end the phone call, but rather counsel for Gerner [ ] became argumentative on the call and [he] advised it was pointless to engage in further communications." ECF No. 123 at 5.

---

[2] Heritage Title Agency, Inc., while not named as a defendant in the case at bar, is listed in the Proposed Stipulated Order of Dismissal as to Certain Defendants. *See also* ECF Nos. 22 and 86.

6